**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DONALD RAY WILSON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2704** |
| **TANGIPAHOA PARISH SHERIFF'S OFFICE JAIL, ET AL.** | **SECTION "L"(4)** |

## PARTIAL REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be partially disposed of without an evidentiary hearing.

## I.      Factual and Procedural Background

Plaintiff Donald Ray Wilson, Jr. ("Wilson") filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against defendants Tangipahoa Parish Sheriff's Office Jail, Sgt. Miciah Bates, and Nurse Brittany Calais pertaining to the conditions of his confinement while housed in the Tangipahoa Parish Jail. ECF No. 3 at 1; *id*., ¶III(B)-(C), at 4. At the time of the filing of the complaint, Wilson submitted an application to proceed *in forma pauperis* which the Court granted and directed the Clerk to withhold summons. ECF No. 4; ECF No. 5 at 1. After conducting the Court's statutory frivolousness review, the undersigned recommended dismissal of Wilson's claims against Tangipahoa Parish Sheriff's Office Jail and that Wilson's medical indifference claims against defendants Sgt. Bates and Nurse Brittany should be allowed to proceed forward. ECF No. 9 at 10. The District Judge subsequently adopted the undersigned's Report and Recommendation. ECF No. 10.

On May 30, 2025, summons were issued and the United States Marshal's Service was directed to effect service in this pauper proceeding to the remaining defendants. ECF No. 12.

Summons were then reissued on September 19, 2025, after summons were returned unexecuted to the Clerk's office. ECF No. 15. Summons as to defendant Nurse Brittany, which was addressed to her at the Tangipahoa Parish Jail, was returned executed on January 15, 2026. ECF No. 20 at 1. Ashley Rodrigue, marked as designed by law to accept service of process on behalf of Tangipahoa Parish Sheriff's Office, accepted service on behalf of Nurse Brittany. *Id*. at 2.

On March 4, 2026, defendant Nurse Brittany, through counsel, filed a motion to dismiss for insufficient service. ECF No. 27. In the motion, Nurse Brittany stated that service was improper under Fed. Rule Civ. P. 4(e) as she is not employed by Tangipahoa Parish Jail or the Sheriff's Office and instead is employed by an independent medical contractor that provides healthcare services at the facility. ECF No. 27-1 at 2. As such, Nurse Brittany stated that Ashley Rodrigue was not authorized to accept service on her behalf. Additionally, she stated more than 90 days have elapsed since the filing of the complaint under Fed. Rule Civ. P. 4(m). *Id*. at 3.

On April 15, 2026, the undersigned issued a Report and Recommendation that Nurse Brittany's motion should be denied and that summons should be reissued. ECF No. 29. The District Judge adopted the Report and Recommendation via Order. ECF No. 31. After the initial service attempt, the Court was made aware that the medical providers at Tangipahoa Parish Jail are contracted to provide services at the jail through TKHealth (formerly TurnKey Health). The Court was also informed that Nurse Brittany is no longer employed with TKHealth. However, TKHealth was able to provide the Court with Nurse Brittany's last known address and summons were issued under seal. ECF No. 30. The summons was returned unexecuted on June 2, 2026, citing that Nurse Brittany no longer lived at the address provided. ECF No. 32.

As a result of the unsuccessful attempt at service to her last known address, the undersigned issued a Show Cause Order to Wilson requiring him to provide a new address for service for Nurse Brittany or show cause in writing by July 3, 2026, why his § 1983 claims against Nurse Brittany should not be dismissed for his failure to prosecute for failure to perfect service within 90 days of the filing of his complaint under Fed. R. Civ. P. 4(m). ECF No. 33 at 1.

On June 30, 2026, Wilson filed a response to the Court's show cause order. ECF No. 34. In his response, Wilson states that given his current incarceration he has taken every avenue available to him to accomplish service. *Id*. at 1. Further, Wilson states that, given his pauper status, the Court is responsible to the United States Marshal's Service to perform tracing duties and that summons should be served on Louisiana Attorney General Liz Murrill as defendant Nurse Brittany was operating under the color of state law at the time of the alleged events.

## II.   <u>Standards of Review</u>

A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007).   In accordance with Fed. R. Civ. P. 4(m), a plaintiff must serve each defendant with a summons and copy of the complaint within 90 days of the filing of the complaint.

In addition, when a plaintiff fails to provide necessary means to prosecute his case, Fed. R. Civ. P. 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute.  *See* Fed. R. Civ. P 41(b).  A Rule 41(b) dismissal is considered an adjudication on the merits.  *Id*.  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or

3

failure to comply with a rule or order. *See Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385-86 (5th Cir. 1978). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

III.    **Analysis**

Wilson is not represented by counsel and was granted pauper status in this lawsuit. Therefore, he is entitled to have service effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). That fact, however, does not relieve Wilson of all responsibility regarding service and it is Wilson's responsibility to provide all information necessary for the United States Marshal to effect service. Wilson was warned that should he fail to comply with the Court's orders and fail to show good cause for not doing so, Wilson's claims against Nurse Brittany may be dismissed pursuant to Fed. R. Civ. P. 4(m). ECF No. 33. In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

More than 90 days have elapsed since this lawsuit was filed in November 2024. Despite the passage of that period of time, Wilson has not provided this Court or the United States Marshal with the information necessary to effect service on Nurse Brittany. The Court has attempted service on Nurse Brittany three times in this matter to no avail, including contacting her former employer

to obtain her last known address. ECF Nos. 13, 20, 32. To the extent Wilson suggests that service be effected through Louisiana Attorney General Liz Murrill, service on an individual is perfected by delivering a copy of the summons and complaint to the defendant personally, leaving a copy at the dwelling or usual place of abode with a suitably aged resident, or delivering a copy to an authorized agent. FED. R. CIV. P. 4(e)(2). Attorney General Murrill is not an authorized agent to accept service on behalf of Nurse Brittany, therefore, any attempt of service of Nurse Brittany via Attorney General Murrill would be improper.

The Court gave Wilson notice of the fact that Nurse Brittany was not served, as well as an opportunity to cure that defect. ECF No. 33. Nevertheless, Wilson has not cured the defect by providing the necessary service information, and, as a result, the United States Marshal cannot effect service. Therefore, the failure to serve Nurse Brittany results not from the actions or inactions of the Court or the United States Marshal, but rather solely from the inaction of Wilson. Without proper service on Nurse Brittany, this lawsuit cannot proceed forward. Indeed, the Court cannot even ask for consent from the parties nor can the Court order Nurse Brittany to respond to Wilson's complaint as she remains unserved.

Thus, this Court finds that dismissal of the claims against Nurse Brittany is now appropriate. *See*, *e.g.*, *Gipson v. Keith*, 678 F. App'x 264, 266 (5th Cir. 2017); *Triplett v. LeBlanc*, 642 F. App'x 457, 459-60 (5th Cir. 2016); *Armant v. Stalder*, 351 Fed. App'x 958, 959 (5th Cir. 2009); *Pines v. St. Tammany Par. Prison*, No. 09-3113, 2009 WL 3347384 (E.D. La. Oct. 14, 2009).

## IV.    Recommendation

It is therefore **RECOMMENDED** that plaintiff Donald Ray Wilson, Jr.'s § 1983 claims against defendant Nurse Brittany Calais be **DISMISSED WITHOUT PREJUDICE** for his failure to timely serve summons in accordance with Fed. R. Civ. P. 4(m) and for his failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this ___9th___ day of July, 2026.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.